**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BLASKET RENEWABLE INVESTMENTS, LLC, | |
| Petitioner, | Civil Action No. 23-cv-2701 (RC) |
| v. | |
| KINGDOM OF SPAIN, | |
| Respondent. | |

**DECLARATION OF MATTHEW S. ROZEN IN SUPPORT OF PETITIONER'S**
**MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963**

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE SUBPOENAS ISSUED TO FEDERAL RESERVE BANK OF NEW YORK AND THE CLEARING HOUSE PAYMENTS COMPANY LLC, | : : : : : |
| KINGDOM OF SPAIN, | : Misc. No. 1:25-mc-00008 : |
| *Petitioner*, | : : |
| v. | : : |
| BLASKET RENEWABLE INVESTMENTS LLC, | : : |
| *Respondent*. | : : |

## REPLY IN SUPPORT OF THE KINGDOM OF SPAIN'S
## MOTION TO QUASH NON-PARTY SUBPOENAS

CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP

Joseph D. Pizzurro
Juan O. Perla
Grace Condro
David V. Holmes
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
jperla@curtis.com
gcondro@curtis.com
dholmes@curtis.com

*Attorneys for Petitioner Kingdom of Spain*

January 23, 2025

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ......................................................................................................................3

    I.    Spain's Assets Are Immune from Any Enforcement Efforts Until Blasket Obtains an Order Pursuant to Section 1610(c) from the D.C. District Court ................................. 3

    II.    The Subpoenas Are Overly Broad and Seek Discovery Not Permitted Under the Federal Rules ................................................................................................................. 6

            A.    Blasket Should Not Be Permitted to Seek Discovery Regarding the Assets of Non-Parties ................................................................................6

            B.    The Discovery Requests Regarding Spain's Assets Are Also Overly Broad and Irrelevant ................................................................8

                  1.    Blasket's Requests for Worldwide Discovery ................................9

                  2.    Blasket's Requests for Information about Spain's Financials Generally Including Spain's Liabilities ......................10

                  3.    Blasket's Requests for Information About Every Transaction, Including Transactions Over $500 ............................10

                  4.    Blasket's Request for Information Prior to the Judgment and the 1610(c) Determination ......................................................11

CONCLUSION..................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Costamar Shipping Co. v. Kim-Sail, Ltd.*,
    95 Civ. 3349 (KTD), 1995 U.S. Dist. LEXIS 18430 (S.D.N.Y. Dec. 12, 1995) ....................... 9

*EM Ltd. v. Banco Cent. de la República Argentina*,
    800 F.3d 78 (2d Cir. 2015) ................................................................................................. 8

*First City, Texas-Houston, N.A. v. Rafidain Bank*,
    150 F.3d 172 (2d Cir. 1998) ............................................................................................... 8

*Gater Assets Ltd. v. Moldovagaz*,
    2 F.4th 42 (2d Cir. 2021) ................................................................................................... 8

*GMA Accessories, Inc. v. Elec. Wonderland, Inc.*,
    No. 07-civ-3219, 2012 U.S. Dist. LEXIS 72897 (S.D.N.Y. May 22, 2012) ........................... 7

*In re Papandreou*,
    139 F.3d 247 (D.C. Cir. 1998) ........................................................................................... 9

*Ned Chartering & Trading, Inc. v. Republic of Pakistan*,
    130 F. Supp. 2d 64 (D.D.C. 2001) ..................................................................................... 6

*Ohio Hoist Mfg. Co. v. Lirocchi*,
    490 F.2d 105 (6th Cir. 1974) ............................................................................................. 6

*Olympic Chartering S.A. v. Ministry of Indus. & Trade of Jordan*,
    134 F. Supp. 2d 528 (2001) ............................................................................................... 8

*Peterson v. Bank Markazi*,
    121 F.4th 983 (2d Cir. 2024) ............................................................................................. 8

*Republic of Argentina v. NML Capital, Ltd.*,
    573 U.S. 134 (2014) .................................................................................................... 4, 11

*Sci. Applications Int'l Corp. v. Hellenic Republic*,
    No. 18 Misc. 327, 2019 U.S. Dist. LEXIS 69675 (S.D.N.Y. Apr. 24, 2019) .......................... 5

*Stati v. Republic of Kazakhstan*,
    No. 19 Misc. 382 (PAE), 2024 U.S. Dist. LEXIS 127325 (S.D.N.Y. July 17, 2024) ............. 11

*Winter v. Novartis Pharms. Corp.*,
    39 F. Supp. 3d 348 (E.D.N.Y. 2014) ................................................................................. 5

*Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*,
    215 F.3d 247 (2d Cir. 2000) ............................................................................................. 8

## Statutes

28 U.S.C. § 1610(c) ................................................................................................ passim

28 U.S.C. § 1610(d) .................................................................................................. 1, 3

28 U.S.C. § 1963 ....................................................................................................... 5, 6

FED. R. CIV. P. 69(a)(2)................................................................................................. 3

## Other Authorities

*Micula v. The Government of Romania*,
    No. 15-mc-00107 (S.D.N.Y. Sept. 16, 2015) ......................................................... 4, 5

*NML Capital, Ltd. v. Republic of Argentina*,
    No. 03-cv-8845 (S.D.N.Y. 2003)............................................................................... 4

*Ukraine v. PAO Tatneft*,
    Nos. 21-mc-376 (JGK) (SN), 22-mc-36 (JGK) (SN) (S.D.N.Y. Dec. 20, 2024) .................... 10

The Kingdom of Spain respectfully submits this reply in support of its motion to quash or, alternatively, to modify the non-party subpoenas issued by Blasket Renewable Investments LLC to the Federal Reserve Bank of New York and The Clearing House Payments Company LLC on December 19, 2024.

## PRELIMINARY STATEMENT

Blasket's opposition is misleading. While it is true that the D.C. District Court has entered judgment against Spain, it is also true that the judgment is not yet enforceable under the Foreign Sovereign Immunities Act (FSIA). As Blasket concedes, Spain's assets are currently immune from pre-judgment attachment or execution under section 1610(d) of the FSIA and that pre-judgment immunity continues until a section 1610(c) determination is made. Section 1610(c) provides that no attachment or execution upon a judgment is permissible until the court determines that "a reasonable period of time has elapsed following entry of judgment." The D.C. District Court has not made that determination and, until it does, the proceeding in the D.C. District Court remains in a pre-judgment posture under the FSIA.

Rather than petitioning the D.C. District Court to make that determination, or seeking leave to register the judgment in this Court, Blasket has sought to circumvent those procedures by moving forward with post-judgment discovery in this jurisdiction first. Blasket has cited no authority entitling it to seek discovery under the circumstances of this case—where the foreign state has not waived pre-judgment immunity and no court has made a section 1610(c) determination. Spain is unaware of any such authority.

Because no court may grant post-judgment discovery absent a section 1610(c) determination, Blasket now asks this Court to make that determination. Blasket cites no authority for its position, and there is none. This Court lacks jurisdiction over the judgment to make the section 1610(c) determination. Indeed, it has no connection whatsoever to the

judgment. The only court that has jurisdiction over the judgment is the D.C. District Court, and the judgment is now on appeal in the D.C. Circuit. Blasket has not explained why it has not asked the D.C. District Court to make the section 1610(c) determination or sought leave from that court to register the judgment in this jurisdiction. Blasket's request that this Court step in and make a determination regarding another district court's judgment is highly irregular.

Given that this Court may not grant post-judgment discovery unless and until Blasket obtains a section 1610(c) order from the D.C. District Court, this Court should quash Blasket's subpoenas in their entirety.

Alternatively, this Court should quash or modify the subpoenas because they are overly broad. Blasket seeks worldwide discovery regarding the assets of every single agency or instrumentality of Spain and worldwide discovery regarding the assets of at least 28 government officials, whether held in their own personal capacities or their official ones. Blasket argues that, notwithstanding any protections under the FSIA, it is entitled to such expansive discovery because it may yield information that an agency or instrumentality is an alter ego of Spain or that an official has embezzled state property. Blasket's allegations of alter ego and corruption are purely speculative. And its unsubstantiated accusation of corruption is offensive and repugnant to international comity. Moreover, Blasket has no legitimate basis to seek discovery regarding assets located outside the United States. The United States courts may not attach or execute on any such assets.

Finally, Blasket argues that Spain should just pay the judgment if it does not want to be subjected to such overly broad discovery requests. Those arguments are disingenuous. Blasket is aware that Spain cannot pay the judgment because it enforces an arbitral award that violates E.U. law. In any case, the fact that Spain has not paid the award does not provide Blasket *carte*

*blanche* to make excessively broad post-judgment discovery requests, much less before having

obtained a judgment that can be enforced in the United States.

## ARGUMENT

**I.     Spain's Assets Are Immune from Any Enforcement Efforts Until Blasket Obtains an Order Pursuant to Section 1610(c) from the D.C. District Court**

Blasket concedes that, under section 1610(d) of the FSIA, Spain's assets are currently

immune from attachment or execution because Blasket has not obtained a court determination

that "a reasonable period of time has elapsed following the entry of judgment" pursuant to

section 1610(c).  (Blasket Br. at 1.)  The D.C. District Court is the only court that can make the

section 1610(c) determination.  Until such determination, Blasket does not have an enforceable

judgment, and the action in the D.C. District Court remains in a pre-judgment posture.  The pre-

judgment immunity over Spain's assets is absolute.  Any post-judgment discovery would

infringe on that pre-judgment immunity.

There is also no dispute that Rule 69(a)(2) of the Federal Rules of Civil Procedure

provides only for post-judgment discovery.  Given that Spain's assets remain immune from pre-

judgment attachment and execution, that Blasket does not have an enforceable judgment, and

that the D.C. action remains in the pre-judgment posture, Blasket is not entitled to seek post-

judgment discovery.

Blasket does not explain why it has failed to seek a section 1610(c) order from the D.C.

District Court.  It argues that it does not have to abide by those procedures in order to get asset

discovery because it claims that the FSIA does not immunize Spain's assets from discovery.

Blasket relies entirely on the Supreme Court's decision in *Republic of Argentina v. NML Capital,*

*Ltd.*, 573 U.S. 134 (2014).  But, as Spain pointed out in its opening brief, that case is inapposite.

(Spain Br. at 5 n.2.)  There, unlike here, the foreign state (Argentina) had waived any pre-

judgment asset immunity, and the plaintiffs did not seek asset discovery until after the court had made a section 1610(c) determination. *See NML Capital, Ltd. v. Republic of Argentina*, No. 03-cv-8845 (S.D.N.Y. 2003), Dkt. Nos. 44, 405. Blasket does not address these critical distinctions and cites no authority that stands for the proposition that a party can seek asset discovery under those circumstances. There is none.

On the contrary, the FSIA is clear that, absent a section 1610(c) determination, a foreign state's assets retain their absolute pre-judgment immunity. Thus, courts have recognized that obtaining a section 1610(c) order that a reasonable time has passed from the entry of judgment is a preliminary step that must be undertaken before a party may proceed with post-judgment discovery. *See* Telephone Conference Transcript at 2:9-13; 4:5-10, *Micula v. The Government of Romania*, No. 15-mc-00107 (S.D.N.Y. Sept. 16, 2015), Dkt. No. 83 (Perla Decl., Ex. D, Dkt. No. 3-4). Indeed, post-judgment discovery serves no purpose when Blasket is prohibited from enforcing its judgment because of the pre-judgment immunity of Spain's assets.

Blasket's assertion that the *Micula* court granted a judgment creditor's discovery request is misleading. (Blasket Br. at 8.) Blasket omits that the *Micula* court granted the discovery request *only* after making a section 1610(c) determination and, in so doing, it recognized that: "One of several steps to beginning such proceedings [*i.e.*, proceedings to obtain post-judgment asset discovery] is a ruling as to whether a reasonable time has passed following the entry of judgment," *i.e.*, a section 1610(c) determination. Telephone Conference Transcript at 4:5-10, *Micula v. The Government of Romania*, No. 15-mc-00107 (S.D.N.Y. Sept. 16, 2015), Dkt. No. 83 (Perla Decl., Ex. D, Dkt. No. 3-4).

Because a section 1610(c) determination is necessary to begin post-judgment discovery, Blasket urges this Court to make that determination now. (Blasket Br. at 8-9.) Research has

revealed no authority which permits a district court to make a section 1610(c) determination

regarding another district court's judgment.  Only courts where the judgment was rendered or

duly registered have issued section 1610(c) orders.  *See, e.g.*, *Sci. Applications Int'l Corp. v.*

*Hellenic Republic*, No. 18 Misc. 327, 2019 U.S. Dist. LEXIS 69675, at *4, *10 (S.D.N.Y. Apr.

24, 2019) (granting motion for 1610(c) order after the judgment was registered in the district

pursuant to 28 U.S.C. § 1963).

Indeed, only a court where the judgment was issued or duly registered has jurisdiction

over the judgment.  *See Winter v. Novartis Pharms. Corp.*, 39 F. Supp. 3d 348, 352, 354

(E.D.N.Y. 2014) ("In the absence of registration pursuant to 28 U.S.C. § 1963, Plaintiff's

enforcement action could not have been brought here originally, and the Court lacks subject

matter jurisdiction over this ... action."); *Ohio Hoist Mfg. Co. v. Lirocchi*, 490 F.2d 105, 107 (6th

Cir. 1974).  The D.C. District Court judgment against Spain is not yet final by appeal, as it is

currently under appeal in the D.C. Circuit.  Thus, Blasket is required to obtain leave from the

D.C. District Court to register the judgment in this Court pursuant to section 1963.  Because

Blasket has failed to do so, this Court lacks jurisdiction to make the section 1610(c)

determination.

Blasket's request that this Court make the section 1610(c) determination is also highly

unusual given that nothing prevents Blasket from seeking that determination from the D.C.

District Court, the only court with jurisdiction over the judgment.  It is even more unusual that

Blasket would ask this Court to make a section 1610(c) determination, while Blasket has not

even requested leave from the D.C. District Court to register the judgment outside the District of

Columbia, as required under section 1963. There is no explanation for Blasket's attempt to circumvent the D.C. District Court's authority.[1]

Thus, until the D.C. District Court issues that section 1610(c) order, Blasket's subpoenas seeking post-judgment discovery are premature and should be quashed.

## II.     The Subpoenas Are Overly Broad and Seek Discovery Not Permitted Under the Federal Rules

Alternatively, Blasket's subpoenas should be quashed or modified because they are overly broad and disproportional to the needs of the case and at odds with fundamental comity principles.

### A.     Blasket Should Not Be Permitted to Seek Discovery Regarding the Assets of Non-Parties

Blasket does not dispute that Rule 69 of the Federal Rules of Civil Procedure does not generally contemplate discovery of non-debtors' assets. *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07-civ-3219, 2012 U.S. Dist. LEXIS 72897, at *14 (S.D.N.Y. May 22, 2012). Blasket's subpoenas seek information regarding the assets of numerous non-debtors— including every "agency or instrumentality" of Spain and at least 28 government officials regardless of whether the officials hold the assets in their official or personal capacity. Blasket does not dispute that none of those entities or individuals have been found liable for the judgment against Spain and that none of them are judgment debtors to Blasket. (*See* Blasket Br. at 11-12.)

---

[1] In any case, a reasonable period of time has not yet elapsed because Spain is prohibited from paying a judgment on the award without the European Commission's authorization. *See Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (explaining that a "reasonable time" determination "should be informed by," among other things, "an examination of the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation)").

Blasket argues that it may nevertheless seek discovery regarding all of Spain's agencies and instrumentalities because they "may" turn out to be Spain's alter egos at some point in the future. (Blasket Br. at 12.) Blasket has made no showing that any agency or instrumentality is an alter ego of Spain. But, as Blasket concedes, all agencies and instrumentalities of Spain are, by definition, separate legal persons under the FSIA. (*See* Blasket Br. at 11.) Under Supreme Court precedent, they are entitled to a "strong" presumption of separateness. *Gater Assets Ltd. v. Moldovagaz*, 2 F.4th 42, 55 (2d Cir. 2021) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 252 (2d Cir. 2000)). Accordingly, each agency and instrumentality is entitled to all the protections of the FSIA and to assert its own immunity defense under the FSIA, including from an alter ego claim. *Peterson v. Bank Markazi*, 121 F.4th 983, 994 (2d Cir. 2024); *EM Ltd. v. Banco Cent. de la República Argentina*, 800 F.3d 78, 89 (2d Cir. 2015).

This Court should not permit any discovery into the assets of any agency or instrumentality unless and until a court has made an alter ego finding with respect to each agency or instrumentality and conclusively denied their immunity defenses. *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (stating that "generally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue [for determining alter ego relationship]; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery"); *Olympic Chartering S.A. v. Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 531 (2001) (quashing subpoena that sought information about assets belonging to third-party, non-debtor central bank for failure to overcome central bank's jurisdictional immunity); *Costamar Shipping Co. v. Kim-Sail, Ltd.*, 95 Civ. 3349 (KTD), 1995 U.S. Dist. LEXIS 18430, at *9 (S.D.N.Y. Dec. 12, 1995) (holding that "mere allegation of an

alter ego relationship is insufficient" to obtain asset discovery and that asset discovery may be warranted only after the creditor establishes alter ego liability).

Blasket's arguments for seeking to discover information regarding the assets of at least 28 government officials fare no better.  Blasket asserts that there have been "accusations" of government corruption and that assets embezzled from Spain by government officials may be attached.  (Blasket Br. at 11-12.)  But accusations are not evidence.  Blasket's unsubstantiated accusations are a misguided attempt to harass Spain and its government officials.

To allow discovery into assets of government officials on the basis of such speculation would be offensive to Spain's dignity and contrary to principles of comity.  The ministers listed in Blasket's subpoenas are the equivalent of cabinet-level officials and as such "[p]rinciples of comity dictate that we accord the same respect to [these] foreign officials as we do to our own." *In re Papandreou*, 139 F.3d 247, 254 (D.C. Cir. 1998) (denying depositions of foreign ministers).  No court in the United States would authorize discovery of a U.S. government official's assets based on pure speculation that the official may be engaged in corruption.  Given that such discovery would not be permissible, the principles of comity dictate that this should be equally impermissible regarding Spain's officials.

**B.     The Discovery Requests Regarding Spain's Assets Are Also Overly Broad and Irrelevant**

As explained in Spain's motion, Blasket's discovery requests are also overly broad because they improperly seek information regarding all of Spain's assets overseas (worldwide discovery), information about Spain's financials generally including its liabilities, information about every financial transaction including any exceeding $500, and information prior to the entry of a judgment and a section 1610(c) determination.  (Spain Br. at 8-10.)

1.      *Blasket's Requests for Worldwide Discovery*

Blasket does not dispute that courts in the United States may not attach or execute on assets that are located outside of the United States.  (*See* Blasket Br. at 14.)  Furthermore, Blasket does not dispute that worldwide discovery regarding Spain's sovereign assets would undermine the interest of comity, as it would expose confidential and sensitive information about Spain's financial affairs including information about diplomatic activities.

Nor does Blasket dispute that the U.S. government would never approve of being subjected by a foreign court to such an unnecessarily broad intrusion into its financial affairs. *See* Statement of Interest of the United States of America at 13, *Ukraine v. PAO Tatneft*, Nos. 21-mc-376 (JGK)(SN), 22-mc-36 (JGK)(SN) (S.D.N.Y. Dec. 20, 2024) (Perla Decl., Ex. E, Dkt. No. 3-5) (stating that the United States "has a substantial interest in ensuring that post-judgment discovery into a foreign state's property carefully adheres to basic principles of relevance and is sensitive to comity, reciprocity, and foreign relations concerns").

Nevertheless, Blasket asserts that its requests for worldwide discovery of Spain's assets are "reasonable."  (Blasket Br. at 14.)  It relies only on the size of the judgment, $36 million, and asserts that courts have granted similar discovery requests in other cases.  (*Id.* at 13.)  But all the cases against foreign states cited by Blasket involved much bigger judgments.  *See Stati v. Republic of Kazakhstan*, No. 19 Misc. 382 (PAE), 2024 U.S. Dist. LEXIS 127325, at *3 (S.D.N.Y. July 17, 2024) (the judgment at issue confirmed an arbitral award of approximately $500 million); *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 136-37 (2014) (the judgment at issue was approximately $2.5 billion).  Those judgments dwarf the $36 million judgment against Spain.

Blasket has provided no explanation for why this Court should grant discovery regarding

every single asset of Spain located overseas.  Such expansive discovery is unwarranted, given

that Spain's assets overseas cannot be attached or executed on in the United States and the risk of

exposing highly sensitive information regarding Spain's affairs and undermining international

comity.

2.     *Blasket's Requests for Information about Spain's Financials Generally*
       *Including Spain's Liabilities*

Blasket does not dispute that its requests for information concerning Spain's financial

affairs including its liabilities could lead to the production of an outsized amount of confidential

and potentially sensitive information about Spain's financial affairs.  Nor does Blasket dispute

that information regarding Spain's liabilities is totally irrelevant as it would yield no information

regarding executable assets.

Blasket has provided no explanation as to why such broad discovery requests are

warranted.  Blasket has no valid justification.  There is no question that such discovery could

unnecessarily result in the disclosure of highly sensitive and irrelevant information.

3.     *Blasket's Requests for Information About Every Transaction, Including*
       *Transactions Over $500*

Blasket does not dispute that its requests for information regarding every transaction,

including transactions over $500, will yield a disproportionately large amount of irrelevant

information that is unlikely to lead to the discovery of assets large enough to satisfy the $36

million judgment.

Blasket argues that Spain's objection to that request is somehow inconsistent with

Spain's contention that the broad sweep of its discovery requests is not justified by the size of the

award.  (Blasket Br. at 13.)  There is no inconsistency.  As explained in Spain's motion,

Blasket's overly broad discovery requests (which seek information regarding every asset in the

world held by every single agency or instrumentality as well as 28 named individuals) are not

justified by the size of the $36 million judgment.  (Spain Br. at 7, 10.)  Blasket's request for

information regarding every single financial transaction, including every transaction over $500,

is overly broad in that it would result in a huge amount of irrelevant confidential information.

4.  *Blasket's Request for Information Prior to the Judgment and the 1610(c) Determination*

There is no dispute that enforcement of the ICSID award was stayed until November 23,

2022, that Blasket did not obtain a judgment on the award until November 15, 2024, that Blasket

has failed to obtained a section 1610(c) order under the FSIA, and that Blasket has no right to

enforce the award in the U.S. until it obtains the section 1610(c) order.

Nevertheless, Blasket argues that it is reasonable to request discovery from the date of the

ICSID award (November 9, 2021).  (Blasket Br. at 10.)  But none of the authorities cited by

Blasket stand for the proposition that the date of an arbitral award determines the start of

discovery.  And Blasket currently has no right to enforce the award or the judgment in the United

States due its failure to obtain the section 1610(c) order.  The timeframe for the information

requested should not start to run until Blasket has an enforceable judgment, *i.e.*, the date of the

section 1610(c) order determining that a reasonable period of time has elapsed.

**CONCLUSION**

For the foregoing reasons, this Court should quash or modify Blasket's subpoenas to the Federal Reserve and Clearing House.

Dated: January 23, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

*/s/ Joseph D. Pizzurro*

Joseph D. Pizzurro
Juan O. Perla
Grace Condro
David V. Holmes
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
jperla@curtis.com
gcondro@curtis.com
dholmes@curtis.com
*Attorneys for Petitioner the Kingdom of Spain*

**CERTIFICATE OF WORD COUNT COMPLIANCE**

I hereby certify that this memorandum of law contains 3184 words as calculated by the word-processing program, exclusive of caption and signature block, which is in compliance with Local Civil Rule 7.1(c) of the Southern District of New York.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the ECF system and thereby served upon all counsel of record, including counsel for Respondent.

*/s /Joseph D. Pizzurro*
Joseph D. Pizzurro

Dated: January 23, 2025